IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN C. EBERT, doing business as
FLINT ROCK RENTALS,

      Plaintiff,

v.

ROBERT S. HERWICK and INGRID
HERWICK,

      Defendants.

Case No. 16-4030-DDC-KGS

## MEMORANDUM AND ORDER

Defendants Robert and Ingrid Herwick, who proceed *pro se*, filed a Notice of Removal on March 25, 2016, seeking removal of a limited action they have identified as *John C. Ebert v. Robert S. and Ingrid Herwick*, No. 2016-LM-000066, filed in the District Court of Pottawatomie County, Kansas, on March 11, 2016.  Doc. 1 at 1, 4.  This matter comes before the Court on plaintiff's Motion to Remand (Doc. 4).  Because no subject matter jurisdiction exists, the Court grants plaintiff's motion and remands the case.  Also, because defendants' removal was a frivolous one, the Court orders defendants to pay $200 to plaintiff under 28 U.S.C. § 1447(c), to compensate plaintiff for his costs and fees incurred in defending against the frivolous removal.

### *Motion for Leave to Proceed in Forma Pauperis*

The Court first addresses defendants' Motion for Leave to Proceed *in forma pauperis*. Doc. 3.  After reviewing defendants' submitted financial affidavit, the Court concludes that their financial situation warrants waiver of the filing fee.  The Court will not order service of the Notice of Removal by a United States marshal, however, because the Court remands the action to state court immediately.

1

*Factual Background*

Defendants have not submitted the Petition filed in the state court limited action with

their Notice of Removal,[1] but they allege, generally, that the case involves defendants'

agreement to rent a home in Onaga, Kansas from plaintiff.  Doc. 1 at 1–3.  Defendants allege that

plaintiff seeks "restitution of property and a monetary judgment."  *Id.* at 3.

Plaintiff has submitted a copy of the state court Petition.  Doc. 4-3.  It is a Petition for

Eviction filed under K.S.A. Chapter 61.  *Id.* at 1.  It alleges that plaintiff owns property located in

Onaga, Kansas, and that defendants entered into an agreement with plaintiff to lease the property

for six months ("the lease agreement").  *Id.*  The lease agreement required defendants to pay

$400 rent a month, but plaintiff alleges that defendants never paid rent when due.  *Id.*  Plaintiff

contends that, as of the date of the Petition, defendants owed $400 in rent plus a $25 late fee.  *Id.*

Plaintiff also alleges that he is liable for $350 in utilities that defendants failed to pay.  *Id.*

Plaintiff states that he served defendants with a three-day notice of termination of tenancy for

failing to pay rent, but defendants failed to vacate the property.  *Id.* at 2.  Plaintiff also accuses

defendants of breaching the lease agreement by disturbing the neighbors.  *Id.*

Plaintiff's Petition seeks to recover his possession of the property from defendants and

unpaid rent and utilities.  *Id.*  Plaintiff also seeks a court order that:  (1) finds defendants have

breached the lease agreement by creating a disturbance with the neighbors; (2) restores plaintiff's

possession of the property; (3) directs the Sheriff to remove defendants forcibly from the

property; and (4) allows plaintiff to recover the costs of the action.  *Id.*

---

[1]     As explained below, defendants' failure to file the state court record provides another basis for
remand.  *See* D. Kan. Rule 81.2.  Defendants filed their Answer and Counterclaim from the state court
action (Doc. 1-1) and a "Civil Lawsuit Complaint" that defendants have filed in Pottawatomie County,
Kansas in a separate lawsuit (Doc. 1-2).  But, they have not filed the Petition from the state court limited
action.  Plaintiff has supplied the Court with a copy of the Petition, attaching it to his Motion to Remand.
*See* Doc. 4-3.  The Court thus refers to plaintiff's submission when it references the Petition in this Order.

### *Governing Legal Standard*

A defendant in a state court civil action may remove it to federal court if the plaintiff originally could have filed the action in federal court.  28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'"  *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

Here, defendants' Notice of Removal is difficult to understand, but it appears to assert that both federal question and diversity jurisdiction exist.  Defendants allege that a federal question exists because "the Plaintiff and his representatives are guilty of committing multiple federal and state offenses during the course of this said action."  Doc. 1 at 4.  Defendants also claim that "[t]he amount in controversy exceeds $75,000, exclusive of interest and costs."  *Id.*  But, in their Response to plaintiff's Motion to Remand, defendants state that diversity is not the basis for removal.  Doc. 6 at 2.  Instead, they assert that removal is proper because federal question jurisdiction exists.[2]  *Id.*  The Court has considered both bases for subject matter jurisdiction and concludes that neither exists.

### *Federal Question Jurisdiction*

Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine whether a claim "arises under" federal law, the Court follows the "well-pleaded complaint rule."

---

[2]    Also, in their Response, defendants ask the Court to grant them "a peremptory (interim) 'Show Cause Hearing.'"  Doc. 6 at 2.  Defendants are not entitled to a hearing, and the Court finds no reason to conduct a hearing.  The Court can discern from the parties' written submissions that subject matter jurisdiction does not exist and remand is required.

*Caterpillar*, 482 U.S. at 392.  This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Here, the state court Petition relies exclusively on Kansas law.  Plaintiff filed a "Petition for Eviction" under K.S.A. Chapter 61 in Pottawatomie County, Kansas.  Doc. 4-3 at 1.  Plaintiff alleges that:  (1) he is the owner of property located in Pottawatomie County, Kansas; (2) defendants entered into an lease agreement with plaintiff to rent the property for $400 per month; (3) defendants failed to pay rent and utilities as required by the lease agreement; (4) defendants failed to vacate the premises after receiving a three-day notice of termination of tenancy for failure to pay rent; and (5) defendants have breached the lease agreement by creating a disturbance to the neighbors.  *Id.* at 1–2.  Plaintiff seeks to recover possession of the property from defendants and unpaid rent and utilities under K.S.A. § 58-25,123.  He also asks the court to issue an order finding defendants in breach of the lease agreement for creating a disturbance with the neighbors.  Doc. 4-3 at 1.  The Petition makes clear that plaintiff's claims arise only under State law.

Defendants' allegations that plaintiff is "guilty of committing multiple federal and state offenses" are insufficient to create federal jurisdiction.  Also, defendants' "Notice of Constitutional Challenge" against K.S.A. § 20-337 and K.S.A. Chapter 61 (Doc. 8) cannot confer federal subject matter jurisdiction.  Removal is not appropriate on the basis of a federal defense. *Caterpillar*, 482 U.S. at 393; *see also Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (explaining that "[n]either the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal

law."). One exception to this rule is found in 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court. *Hunt*, 427 F.3d at 727 (noting the exception found in § 1443 but concluding that the statute did not apply to appellant's notice of removal). Nothing in defendants' Notice of Removal implicates § 1443's exception in this case.

Simply, defendants' Notice of Removal provides no basis for federal question jurisdiction. Defendants may present their allegations that plaintiff purportedly "commit[ed] multiple federal and state offenses" and their constitutional challenges to Kansas laws in the form of a federal defense or counterclaim, but they do not make the case one arising under federal law. Thus, the Court lacks removal jurisdiction on the basis of a federal question.

### *Diversity Jurisdiction*

Federal district courts also "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). When removal is based on diversity jurisdiction, the federal statute requires:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i)      nonmonetary relief; or
>
> (ii)     a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance

of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Defendants' notice of removal does not comply with this statute.  It fails to assert an amount in controversy in excess of $75,000 based on the "initial pleading," as § 1446(c) requires.  The "initial pleading" here is plaintiff's Petition in the state court limited action case.  In it, plaintiff seeks a judgment for unpaid rent ($400.00), a late fee ($25.00), utility bills ($350.00), and court costs.  Doc. 4-3 at 1–2.  Plaintiff asserts that the total amount in controversy as stated in the Petition is $845.00.  Doc. 4 at 3.  And plaintiff states that after a trial on March 23, 2016, the Pottawatomie County District Court determined that defendants had failed to pay the monthly rent when due and breached the lease agreement, entered a judgment in plaintiff's favor for $785.00, and ordered that plaintiff was entitled to possession of the property.  Doc. 4-3 at 1–2.

Based on the initial pleading, the Court finds no reasonable basis to believe that plaintiff's action meets the jurisdictional threshold.  *See Warren Props. Inc. v. Sayler,* No. 11-4062-JAR, 2011 WL 2565280, at *2 (D. Kan. June 28, 2011)  (holding that defendant could not "affirmatively establish" the amount in controversy exceeded $75,000 when the Petition and Notice of Removal contained no factual basis for that amount and the Petition was a limited action brought under Chapter 61, and, "by definition, plaintiff's claim may not exceed [the $4,000] amount [for limited actions] brought pursuant to Chapter 61"); *see also* K.S.A. § 61-2703(a) (explaining that a "small claim" brought under Chapter 61 "means a claim for the recovery of money or personal property, where the amount claimed or the value of the property sought does not exceed $4,000, exclusive of interest, costs and any damages awarded pursuant to K.S.A. 60-2610 and amendments thereto.").

6

Defendants have submitted the Answer and Counterclaim that they filed in the state court action. *See* Doc. 1-1. In it, they seek "monetary restitution . . . in the tort amount of minimally $100,000." *Id.* at 10. But defendants cannot rely on the damages they hope to recover in a counterclaim to satisfy the amount in controversy requirement. A defendant may not remove a case "to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–31 & n.2 (2002) (further citation omitted)); *see also Hunt*, 427 F.3d at 727. And, thus, district courts in our Circuit do not consider the value of counterclaims when determining the amount in controversy in removal cases. *See*, *e.g.*, *Bank v. Bradshaw*, No. 15-CV-01217-EFM-KGG, 2016 WL 248970, at *2 (D. Kan. Jan. 21, 2016); *Klutts Equip., Inc. v. Redstick, Inc.*, No. 09-CV-126-JHP, 2009 WL 1955314, at *3 (E.D. Okla. Jul. 6, 2009); *Dresser-Rand v. N. Natural Gas Co.*, No. 99-4165-SAC, 2000 WL 286733, at *2–3 (D. Kan. Jan. 19, 2000). Defendants cannot rely upon their counterclaim in the state court action to meet the federal jurisdictional requirements.

Defendants also have failed to establish diversity jurisdiction for another reason. The Notice of Removal lacks any assertion that the parties are citizens of different states. Without diversity of citizenship, the Court lacks jurisdiction under 28 U.S.C. § 1332.

### *Failure to Comply with D. Kan. Rule 81.2*

Remand also is appropriate under D. Kan. Rule 81.2. The local rule requires a removing party to file a copy of the state court record within 21 days after filing the notice of removal. D. Kan. Rule 81.2. Defendants filed their Notice of Removal on March 25, 2016. Doc. 1. In it, they acknowledge that the local rule requires them to file a copy of the state court record within

21 days after filing the notice of removal.  *See* Doc. 1 at 5.  But, to date, defendants have failed to comply with the local rule, and the time for compliance has expired.

The Court "may remand any case sought to be removed to this court for failure to comply with" D. Kan. Rule 81.2.  *See* D. Kan. Rule 81.2; *see also Carrothers Constr. Co., Inc. v. USA Slide, Inc.*, No. 98-2097-JWL, 1998 WL 295602, at *1 (D. Kan. May 18, 1998) (remanding case under D. Kan. Rule 81.2 for failure to file a copy of the state court record).  Defendants' failure to file the state court record within 21 days after removal provides another basis for remand.

### *Costs and Fees Awarded*

In an order remanding a case, the court may require the removing party to pay "costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal."  *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (citing *Daleske v. Fairfield Cmtys.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied* 511 U.S. 1082 (1994)).  An award of fees under § 1447(c) "rests squarely within the discretion of the district court . . . ."  *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).

Here, defendants had no reasonable basis for filing their Notice of Removal.  The Court lacks subject matter jurisdiction over the Chapter 61 limited action case that plaintiff filed in the District Court of Pottawatomie County, Kansas.  The Court recognizes that defendants proceed *pro se*, and that the Court must construe their pleadings liberally and apply a less stringent standard to their pleadings than applied to those drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  Even under a more forgiving standard, defendants could not have believed that a basis for removal existed.  And defendants knew

better, for this is not the first time defendants have removed a case by asserting, incorrectly, that their federal defenses were sufficient to confer subject matter jurisdiction.

Defendants presented arguments similar to those asserted here after they removed a different limited action case from the District Court of Riley County, Kansas to our Court. *See Stilley v. Herwick*, No. 15-4934-SAC, 2015 WL 6118664, at *1 (D. Kan. Oct. 16, 2015). Like this case, the plaintiff was a landlord who had rented property to defendants, and plaintiff filed a limited action case under K.S.A. Chapter 61 seeking repossession of her property and unpaid rent from defendants. *Id.* Defendants removed the case to our Court, and Judge Crow remanded the action for lack of subject matter jurisdiction. *Id.* at *2–3. Judge Crow also found that an award of costs, expenses, and fees for a frivolous removal under § 1447(c) was unnecessary because the remand occurred early in the case after a review under 28 U.S.C. § 1915(e)(2)(B)(ii). But Judge Crow "admonish[ed] [defendants] to be mindful of the court's authority to impose an award of costs, expenses and fees in remanding a case." *Id.* at *3. Defendants have disregarded this admonishment, removing this second limited action case from Kansas state court to this court asserting the same, frivolous arguments. Given these facts, the Court concludes that an award of costs, expenses, and fees is warranted here.

The Court orders defendants to pay $200 to plaintiff's counsel, Jacob R. Pugh, for attorney's fees and costs incurred in responding to defendants' frivolous removal. Our Court previously has determined that $200 represents a fair and reasonable award of fees and costs after a removing party files a frivolous removal. *See In re Marriage of King v. Ziegler*, No. 04-4158-SAC, 2004 WL 3037968, at *2 n.1 (D. Kan. Dec. 16, 2004). When awarding that amount, *Ziegler* noted that the award likely was less than the actual expenses and costs incurred in filing the motion to remand, but our Court concluded it was fair and reasonable in light of the

petitioner's *pro se* status and the *in forma pauperis* filing of the action.  For the same reasons, the

Court here concludes that $200 is a fair and reasonable award of fees and costs given that

defendants proceed *pro se* and *in forma pauperis.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to

Remand (Doc. 4) is granted.  The Court remands the case to the District Court of Pottawatomie

County, Kansas.

**IT IS FURTHER ORDERED** that defendants' Motion to Proceed *In Forma Pauperis*

(Doc. 3) is granted.

**IT IS FURTHER ORDERED** that defendants are ordered to pay $200 to plaintiff,

through his attorney Jacob R. Pugh, under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**Dated this 26th day of April, 2016, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**